Pigott, J.
(dissenting). Because there is record support for the trial court finding that declarant, Janny Hunt, was unaware that her statement was against her penal interest at the time it was made, I dissent and would reverse the order of the Appellate Division.
Defendant, who was employed as a city bus driver, was arrested and charged with four counts of driving while intoxicated after defendant’s car struck a parked car. A witness at the scene called 911 and approached the car within seconds of the accident. At that point, the witness saw defendant “dancing” in the driver’s seat with the radio turned up. Two weeks later, defendant encountered Hunt on a city bus and lamented that he had been arrested for driving while intoxicated. According to Hunt, defendant asked her if she could “help him out.” Hunt agreed to do so by giving a statement to defendant’s investigator. In that statement, Hunt claimed that it was she, and not defendant, who was driving defendant’s car at the time of the accident.
Hunt refused to testify at trial, citing Fifth Amendment concerns. Defense counsel requested that Hunt’s hearsay statement to the investigator be introduced in evidence as a declaration against penal interest. At the court’s direction, defense counsel called the private investigator to authenticate Hunt’s statement. The investigator testified that she did not apprise Hunt of the consequences of her statement because the investigator herself was unaware of what penal consequences, if any, Hunt faced as a result of her admissions. In her statement, Hunt claimed that she left the scene of the accident because she did not want her parents to know that she was with defendant. The statement indicates that Hunt was concerned only about what her parents would think. Significantly, as the investigator’s hearing testimony bears out, it was not until after Hunt signed her statement that she asked whether she could get in trouble for leaving the scene of the accident and reiterated her concern about her parents finding out that she was driving defendant’s car.
During cross-examination, the investigator testified that her conversation with Hunt followed this progression: (1) Hunt spoke generally about the accident; (2) the investigator asked if she could write it down; (3) Hunt signed the statement; and *464 (4) after Hunt signed the statement, Hunt had some questions about what could happen to her. The investigator specifically explained that “[w]e went over [the statement] together and she signed it. At the end, she asked me a couple of questions that I did not know how to answer. I said to her she could speak to a lawyer.”
On redirect examination, the investigator testified that “at the beginning of the statement, no she did not express any concerns. They came out at the end” (emphasis supplied).* The investigator explained that Hunt “asked if she could get in trouble for the accident” and stated that “she was concerned about her parents . . . fin[d]ing out about the accident because she was in the car. . . . And just generally like how much trouble [sjhe can get into” (emphasis supplied).
The trial court properly ruled that Hunt was not aware that the statement was against her penal interest at the time it was made. Our holding in People v Settles (46 NY2d 154 [1978]) concerning the “contemporaneous” requirement is dispositive: “when the statement [is] made the declarant must be aware that it [is] adverse to his [or her] penal interest” (id. at 167 [emphasis supplied]). This awareness is premised on the conclusion that any reasonable person would have known at the time the statement was made that it was against his or her penal interest (see People v Thomas, 68 NY2d 194, 199-200 [1986]).
Hunt admitted to committing a minor traffic infraction, i.e., leaving the scene of a property damage accident (see Vehicle and Traffic Law § 600 [1] [a]), while defendant, a city bus driver whose employment was in jeopardy, was facing four counts of driving while intoxicated. There is no indication from either the content of Hunt’s statement or the investigator’s testimony that Hunt was even remotely concerned about the penal consequences of her statement. It is this “contemporaneousness” factor that renders a declaration against penal interest reliable. The trial court deemed Hunt’s hearsay statement to be unreliable precisely because she was not aware of the penal consequences of her statement when it was made. In my view, there was no basis for the Appellate Division, which deemed this particular factor “more problematic” than the others (113 *465 AD3d 153, 160 [1st Dept 2013]), to disturb the trial court’s determination that Hunt’s statement did not meet the contemporaneousness requirement.
Judges Rivera, Abdus-Salaam, Stein and Fahey concur; Judge Pigott dissents in an opinion.
Order affirmed.

 This is what the dissent at the Appellate Division determined (113 AD3d 153, 163 [1st Dept 2013, Clark, J., dissenting]), as do I. The majority at the Appellate Division — like the majority here — misread the transcript.